IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEROME MASSENGALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12cv285-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Commissioner of Social Security's Unopposed Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g) and Rule 58 of the Federal Rules of Civil Procedure. Def.'s Mot. To Remand (Doc. 15). The Commissioner states remand is necessary to permit further consideration of Plaintiff's claim of disability. The Commissioner further states that, upon this Court's remand, the Appeals Council will "remand the case back to an ALJ to hold a *de novo* hearing and issue a new decision regarding Plaintiff's eligibility for disability insurance benefits and supplemental security income. The Appeals Council will instruct the ALJ to evaluate the objective medical evidence of record, including the treatment notes describing use of a cane, and further consider the claimant's residual functional capacity on all the evidence of record." *Id*. at 2.

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for

a rehearing." 42 U.S.C. § 405(g).   The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996); *see Carril v. Barnhart*, 201 F. Supp. 2d 1190, 1192 (N.D. Ala. 2002) (reversing the Commissioner's decision and remanding the case for further proceedings where the Commissioner's decision was not supported by substantial evidence).

In this case, the Court finds reversal and remand necessary as Defendant concedes reconsideration and proper application of governing law and further development of the record is appropriate.

Accordingly, upon consideration of the Unopposed Motion (Doc. 15), it is

ORDERED that the Commissioner's Motion to Remand (Doc. 15) is GRANTED; the decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and for the reasons set forth in the Motion.

A separate judgment will issue.

DONE this 25th day of October, 2012.

                                          /s/ Wallace Capel, Jr.
                                          WALLACE CAPEL, JR.
                                          UNITED STATES MAGISTRATE JUDGE